## TAYLOR W. SAMUELS *v.* JOHN G. SAMUELS.

**Taxation—Suit Against Deputy Tax Collector—Evidence.**

> In a suit by a sheriff against a deputy tax collector for taxes collected, the statements of the defendant sustained by testimony of another, should be taken as true, where plaintiff refuses to make any statement of accounts between him and defendant.

### APPEAL FROM NELSON CIRCUIT COURT.

#### October 24, 1873.

OPINION BY JUDGE PRYOR:

The appellant was sheriff of Nelson county in the years 1866 and 1867, and the appellee had been acting as his deputy. In this action the appellant is seeking to recover a large sum of money alleged to have been collected by the deputy in the way of revenue taxes, etc., and not paid over. The accounts between the parties have been so negligently kept as to prevent anything like a correct statement of the accounts of either. The appel-

lant being himself the sheriff, and also engaged to a limited extent in collecting the taxes, etc., seems to have kept no account whatever of the amounts collected by him. He had also other deputies occasionally collecting. The appellee is called on to make an exhibit or statement of all his acts, so that the appellant may know the true condition of the accounts. This response is made, and by it the appellee seems to have assumed the burden of showing not only the result of his own action as deputy, but has attempted to show what amounts have been collected by the appellant and his other deputies. The showing made by the appellee is so definite and certain as to leave no room to doubt what monies he had collected, and the difficulty in making a statement fixing the exact amount of liability results from the failure or inability of the appellant to make any statement whatever as to the amounts received and collected by himself. He says "that he has no means of ascertaining what he did collect as there had been so many collecting."

Now it was as much the duty of the appellant to make a showing of his acts and that of his other deputies as it was the duty of the appellee; and if this statement had been made, neither this court nor the court below would have had any difficulty in determining the liability of the parties. The appellant fails to give the appellee credit in his petition for a single dollar paid him, when he admits as a witness that he had paid him near $1,500. He also fails to exhibit any account of his own, and requires the appellee to be made liable unless the latter show the real condition of both accounts. It is shown clearly that some of the amounts marked "paid" on the book handed to Heller were collected by the appellant, and if he had made a full report of what he had collected, this controversy might have been avoided. We have examined the calculation made by appellant's counsel, based upon what is designated as the admissions on the one side only, in the Heller book. We think the statement made by the appellee sustained by the oath of Wilson Samuels and by the refusal of appellant to make any statement of accounts whatever, should be taken as true, and particularly when it approximates so closely to the amount assessed to be due. It would be inequitable to make appellee liable when he had unbosomed his acts to the chancellor to a party who is withholding all information either

as a payment made him by deputy, or what he himself has done, when the facts are all within his own knowledge.

The judgment below is therefore affirmed.

*McKay, for appellant.*

*Muir, Wickliffe, for appellee.*